## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**ESTHER JONES,**
    Plaintiff,

vs.                                                      **CASE NO.: 5:05cv66/LAC/MD**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
    Defendant.
_____

## REPORT AND RECOMMENDATION

    This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 10). The plaintiff does not oppose the motion according to the certification of the defendant.

    Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." The Commissioner of Social Security states that remand is appropriate for further consideration of plaintiff's claim. Upon remand, the ALJ should consider the period beginning with December 7, 1990, fully evaluate plaintiff's pain and articulate a residual functional capacity considering his conclusions regarding any left upper extremity limitations, discuss each medical source opinion and explain the weight given to each one, explain what parts of plaintiff's allegations he finds are credible and what parts are not credible. If needed, obtain medical expert testimony to consider the entire record and offer evidence regarding plaintiff's residual

**functional capacity during the relevant period and if plaintiff has significant nonexertional limitations, obtain vocational expert testimony. Good cause has been shown for remand.**

**Accordingly, it is RECOMMENDED as follows:**

**1.     That the defendant's motion to remand (doc. 10) be GRANTED and the Commissioner's decision denying benefits be REVERSED.**

**2.     That this case be remanded to the Commissioner of Social Security.**

**3.     That defendant be ordered to direct the Administrative Law Judge to further consider plaintiff's claim. Upon remand, the ALJ should consider the period beginning with December 7, 1990, fully evaluate plaintiff's pain and articulate a residual functional capacity considering his conclusions regarding any left upper extremity limitations, discuss each medical source opinion and explain the weight given to each one, explain what parts of plaintiff's allegations he finds are credible and what parts are not credible. If needed, obtain medical expert testimony to consider the entire record and offer evidence regarding plaintiff's residual functional capacity during the relevant period and if plaintiff has significant nonexertional limitations, obtain vocational expert testimony.**

**4.     That the clerk be directed to enter judgment for plaintiff pursuant to sentence four of 42 U.S.C. § 405(g) and close the file.**

**DONE AND ORDERED this 15th day of September, 2005.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and al other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**